# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JERRY HALL AND MICHELE HALL, | No. 4:17-CV-00329 |
| Plaintiffs. | (Judge Brann) |
| v. | |
| THE BANK OF NEW YORK MELLON f/k/a The Bank of New York, as successor trustee for JPMorgan Chase Bank, N.A., as trustee for Novastar Mortgage Funding Trust, Series 2005-4 Novastar Home Equity Loan Asset-Backed Certificates Series 2005-4, | |
| Defendant. | |

## MEMORANDUM OPINION

### JANUARY 29, 2018

Defendant The Bank of New York Mellon has filed a Motion to Dismiss Plaintiffs Jerry and Michele Hall's Complaint. For the following reasons, this Motion will be denied.

### I.  BACKGROUND[1]

Plaintiffs Jerry and Michele Hall ("Plaintiffs") hold title to a property located in Bellefonte, Centre County, Pennsylvania ("Property").[2] Defendant The

---

[1] When considering a motion to dismiss for failure to state a claim, a court assumes the truth of all allegations made in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The material in this section, then, is taken entirely from Plaintiffs' Complaint, ECF No. 1-1, and is presumed true for present purposes.

[2] Complaint – Action in Quiet Title (ECF No. 1-1) ¶ 3, at 3.

- 1 -

Bank of New York Mellon ("Defendant") has since moved to foreclose on a 2005 Mortgage on this property three times in the Court of Common Pleas of Centre County.[3] The disposition of those foreclosure actions is material to the instant litigation.[4]

The first of these actions was commenced in the Court of Common Pleas of Centre County and docketed at No. 2009-1069.[5] Attached to the Complaint is a September 4, 2009 Order from this case which granted the following relief:

> 3. Exhibit "C" to the Complaint is declared to be a true and correct copy of the original Mortgage therein described (the "Mortgage"), the original having been lost before recording;
>
> 4. The Centre County Recorder of Deeds is authorized and directed to accept for recording a certified copy of this Order, together with a copy of said Mortgage, and – upon payment of the applicable fee – to index the same against NovaStar Home Mortgage, Inc., and the Plaintiffs as Grantees, against the Defendants as Grantors, and against the Premises;

---

[3] *Id.* ¶ 6, at 4.

[4] When deciding a Rule12(b)(6) motion to dismiss, a court may consider limited documents beyond the complaint, including "exhibits attached to the complaint, matters of public record, as well as undisputably authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *Arzmendi v. Lawson*, 914 F. Supp. 1157, 1160 (E.D. Pa. 1996). In the instant matter, Plaintiffs have attached four exhibits to their Complaint, including (1) a February 23, 2009 Special Warranty Deed for the property at issue, (2) the September 12, 2005 Mortgage which was recorded on September 23, 2009, (3) a December 29, 2011 Opinion and Order issued by the Honorable David E. Grine, President Judge of the Court of Common Pleas for Centre County, and (4) a September 13, 2016 Opinion and Order issued by the Honorable Katherine V. Oliver, Judge of the Court of Common Pleas for Centre County. *See* ECF No. 1-1. These attached documents of an indisputably authentic nature will be considered in the instant matter.

[5] *See* ECF No. 1-1, Exh. B, Sept. 4, 2009 Order.

> 5. Once recorded, the Mortgage shall have priority over all judgment and mortgage liens attaching to the Premises after March 9, 2009 (the date of the Plaintiff's *Lis Pendens*);[6]

On September 23, 2009, Defendant recorded said Mortgage on Plaintiffs' property with the Centre County Recorder of Deeds.[7]

A successive mortgage foreclosure action was thereafter filed by Defendant on the 2005 Mortgage, and docketed at 2010-2643.[8] In this case, the Honorable David E. Grine, Judge of the Court of Common Pleas of Centre County conducted a non-jury trial, and on December 29, 2011, issued an Opinion and Order dismissing the action.[9] This Opinion and Order presented an historical background concerning the recordation of both the deed to Plaintiffs' property and the 2005 Mortgage. It relayed the following:

> 1) On September 12, 2005, DEFENDANTS[10] executed and delivered to Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), as nominee for NovaStar Home Mortgage, Inc., (NOVASTAR), a mortgage upon the property at . . . .; Bellefonte, Centre County, Pennsylvania (hereinafter "PROPERTY").
>
>    a) NOVASTAR provided financing in the amount of $175,500.00 pursuant to an adjustable rate Note.
>
>    b) The adjustable rate on the Note was to be based on the London Market ("LIBOR") and adjusted every six months.

---

[6] *Id.*
[7] Complaint – Action in Quiet Title ¶ 5, at 3–4.
[8] *Id.* ¶ 9, at 4.
[9] *See* ECF No. 1-1, Exh. C, December 29, 2011 Order.
[10] "Defendants" here refers to Jerry and Michele Hall.

      c) As part of the closing, DEFENDANTS purchased title insurance.

      d) The expectation of DEFENDANTS was that if they stayed current with their payments for two years, the loan would be refinanced at a better interest rate.

2) NOVASTAR did not record the mortgage or the deed to PROPERTY with the Centre County Recorder of Deeds.

3) DEFENDANTS made payments on the Note in accordance with its terms from October, 2005, through September, 2007.

4) After two years, DEFENDANTS attempted to refinance but were unable to do so because PROPERTY was not recorded in their name.

5) DEFENDANTS stopped making payments on the loan.

      a) DEFENDANTS claimed they did not own the property.

      b) The loan then went into default.

6) On September 4, 2009, the Court ordered that a copy of the subject mortgage be recorded and indexed against the DEFENDANT's property.

7) On September 23, 2009, NOVASTAR assigned the mortgage and Note to PLAINTIFF[11].[12]

Based on these findings, Judge Grine dismissed the foreclosure action because (1) Defendant failed to meet recording requirements and thus prevented Plaintiffs from

---

[11] "Plaintiff" refers to The Bank of New York Mellon.
[12] *Id.* ¶¶ 1-7.

receiving meaningful Act 91 notice, and (2) Defendant failed to provide an itemized statement of amount due under Pa.R.C.P. 1147(a)(5) requirements.[13]

Defendant filed a third mortgage foreclosure action in 2014, docketed at 2014-1472 before the Honorable Katherine V. Oliver, Judge of the Court of Common Pleas of Centre County, Pennsylvania.[14] In that case, the court conducted a bench trial beginning on May 6, 2016.[15] During the course of that trial, the court heard argument concerning the potentially preclusive effect of Judge Grine's December 29, 2011 dismissal of the 2010 Mortgage foreclosure action, and, following Defendant's (there plaintiff) case-in-chief, dismissed the foreclosure action as barred by the doctrines of collateral estoppel and *res judicata*.[16] Judge Oliver subsequently denied a post-trial motion filed by Defendant to remove non-suit and grant a new trial.[17]

On January 30, 2017, Plaintiffs filed this action to quiet title in the Court of Common Pleas for Centre County, Pennsylvania.[18] Defendant thereafter removed the action to this Court on February 22, 2017 pursuant to 28 U.S.C. § 1446 and 28

---

[13] *Id.* at 9.
[14] *See* ECF No. 1-1, Exh. D, September 13, 2016 Order.
[15] *Id.* at 2.
[16] *Id.* at 3.
[17] *See generally* ECF No. 1-1, Exh. D, September 13, 2016 Order.
[18] ECF No. 1 ¶ 1, at 1.

U.S.C. § 1332.[19]  The instant motion to dismiss was filed on March 22, 2017, and, following briefing by both parties, is now ripe for disposition.[20]

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[21] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[22] the court does not, however, assume the truth of any of the complaint's legal conclusions.[23] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow the court to infer the defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[24]

### B. Analysis

In the present matter, Plaintiffs request that the Court issue an order deeming the 2005 Mortgage unenforceable, satisfied, and forever discharged as against the Plaintiffs and the property.  They seek this remedy through an action to quiet title pursuant to Pennsylvania Rule of Civil Procedure 1601(b).  This Rule provides that such an action may be brought:

---

[19]  ECF No. 1.
[20]  ECF Nos. 8, 9, & 10.
[21]  Federal Rule of Civil Procedure 12(b)(6).
[22]  *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008).
[23]  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).
[24]  *Id.*

> (1) to compel an adverse party to commence an action of ejectment;
>
> (2) where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title, or interest in land;
>
> (3) to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land; or
>
> (4) to obtain possession of land sold at a judicial or tax sale.[25]

The purpose of an action to quiet title under Rule 1061 is to remove clouds on title and resolve conflict over interests in property.[26]

    Here, Plaintiffs argue that, pursuant to 21 P.S. § 621 and the dismissal of two mortgage foreclosure actions in the Court of Common Pleas of Centre County, they have stated a plausible quiet title claim.[27] Defendant disputes these arguments, and, concerning the effect of 21 P.S. § 621, specifically avers that Plaintiffs' reliance is misplaced. Defendant further argues that, while the 2010 and 2014 mortgage foreclosure actions were dismissed in part based on their inability to provide meaningful pre-foreclosure notice under Act 91, this finding does not render the mortgage (belatedly recorded) unenforceable and that, in essence, changed circumstances could correct this

---

[25] Pa. R. Civ. P. 1061(b).
[26] *White v. Young*, 186 A.2d 919, 921 (Pa. 1963); *see also Nat'l Christian Conference Ctr. v. Schuylkill Twp.*, 597 A.2d 248, 250 (Pa.Commw.Ct.1991).
[27] ECF No. 9, at 6-11.

deficiency.[28] I have considered and will address each of these arguments as they relate to the plausibility of Plaintiffs' quiet title action.

Section 621 provides as follows:

> No deed or mortgage, or defeasible deed, in the nature of mortgages, hereafter to be made, shall be good or sufficient to convey or pass any freehold or inheritance, or to grant any estate therein for life or years, unless such deed be acknowledged or proved and recorded within six months after the date thereof, where such lands lie, as hereinbefore directed for other deeds.[29]

Here, the facts as alleged indicate that the 2005 Mortgage was recorded beyond the six month timeframe contemplated above. Specifically, this Mortgage was recorded on September 23, 2009 pursuant to court order— a date well beyond its execution.[30] This delay in recording, however, does not render the mortgage unenforceable for two reasons.

First, Defendant is correct that, although the language of Section 621 suggests that the 2005 Mortgage would be void as a matter of law, courts interpreting this and other Pennsylvania recording statutes, have rejected that contention. Indeed, courts interpreting 21 P.S. § 351, 21 P.S. § 444, & 21 P.S. § 621 have found that these recording statutes "were intended to protect subsequent mortgagees and purchasers."[31] The failure to timely comply with their edict does

---

[28] ECF No. 8, at 5-12.
[29] 21 P.S. § 621.
[30] *See* Complaint – Action in Quiet Title ¶ 5, at 3–4; ECF No. 1-1, Exh. B, Sept. 4, 2009 Order.
[31] *Herb v. Citimortgage, Inc.*, 955 F. Supp.2d 441, 446 (M.D.Pa. 2013)(Nealon, J.). *See also Scott v. BAC Home Loan Servicing, L.P.,* No. 13-CV-5540, 2016 WL 320219, at *7 (E.D.Pa.

not render the deed or mortgage absolutely void, but rather "only to the extent necessary to protect the rights of a subsequent bona fide mortgagee or purchaser for value."[32] This distinction concerning the effect of the state's recording statutes has been recognized by both the United States Court of Appeals for the Third Circuit and, in the absence of a ruling by the state high court, the Commonwealth Court of Pennsylvania.

In *Montgomery County v. MERSCORP Inc.*, the Third Circuit addressed whether 21 U.S.C. § 351,[33] governing the recording of "[a]'' deeds, conveyances, contracts, and other instruments of writing," created an affirmative duty to record all land transactions.[34] Recognizing that "[t]he primary purpose of Pennsylvania's land recording statutes is 'to give public notice in whom the title resides,'" the

---

Jan. 7, 2016)(Surrick, J.); *Loveless v. Bank of America, N.A.*, No. 3:13-CV- 1546, 2015 WL 5693543, at *3-4 (M.D.Pa. Sept. 24, 2015)(Caputo, J.); *United States v. Crissman*, No. 4:09-CV-1884, 2011 WL 4527838, at *6-7 (M.D.Pa. Sept. 28, 2011)(Caputo, J.).

[32] *Id.*

[33] Section 351 states in pertinent part as follows:

> All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment . . .

21 P.S. § 351.

[34] 795 F.3d 372 (3d Cir. 2015).

Court found that this statute does not impose such a duty.[35] Rather, the sole consequence of non-compliance is that the instrument is "void as to any subsequent bona fide purchaser."[36] This finding was similarly reached by the Commonwealth Court in *MERSCORP, Inc. v. Delaware County*.[37]

Second, Plaintiffs cannot base their quiet title claim on a failure to comply with 21 P.S. § 621 because they are not members of the class of people to whom the statute's protections were intended to apply. Indeed, as noted by the Commonwealth Court in *MERSCORP, Inc. v. Delaware County,* Pennsylvania courts have consistently interpreted recording statutes as intending to protect subsequent mortgagees and bona fide purchasers.[38] Here, the alleged facts indicate that Plaintiffs were parties to the 2005 Mortgage.[39] As mortgagors, even an unrecorded mortgage would therefore be considered valid against them.[40]

Plaintiffs, however, next argue that they have stated a plausible quiet title claim because of Defendant's inability to provide notice required under the Pennsylvania Homeowner's Emergency Assistance Act,[41] or Act 91. The purpose of Act 91 is, among other things, to "give a homeowner a chance to apply for a

---

[35] *Id.* at 376.
[36] *Id.*
[37] 160 A.3d 961 (Pa. Commw. Ct. 2017).
[38] *Id.* at 965–66.
[39] *See* ECF No. 1-1, Exh. C, December 29, 2011 Order ¶¶ 1-7.
[40] *Land v. Commonwealth, Pennsylvania Hous. Fin. Agency*, 515 A.2d 1024, 1026 (Pa. Commw. Ct. 1986).
[41] 35 P.S. §§ 1680.401c–412c.

state loan to help pay off the mortgage in situations where the homeowner cannot meet his mortgage payments because of unemployment, before foreclosure occurs."[42] The remedies afforded and procedural requirements of Act 91 were explained by the Honorable L. Felipe Restrepo, then of the United States District Court for the Eastern District of Pennsylvania and now of our Court of Appeals, in *United States v. Buskell*, and are instructive here:

> Thus, before a lender can foreclose it must provide a borrower with notice of her rights under Act 91 and give her thirty-three days to meet with a qualified housing counselor. (Citations omitted). If a borrower meets with a qualified housing counselor, she is provided an additional thirty days to complete a HEMAP application. (Citations omitted). Once she has completed this application, the law provides an additional sixty days for PHFA to render a decision on the application. (Citations omitted). During this entire time—which can last up to 123 days—a lender may not institute foreclosure proceedings. (Citations omitted).[43]

Pertinent to the instant action is Act 91's requirement that in order for a mortgagor to receive emergency mortgage assistance, the mortgagor must not be "more than twenty-four (24) months delinquent or in default."[44]

In the instant matter, the sufficiency of the Act 91 Notice provided to Plaintiffs subsequent to the 2009 recordation of the 2005 Mortgage was twice considered by judges of the Centre County Court of Common Pleas. In 2009, Judge Grine determined that Defendant's (there, plaintiff) foreclosure action

---

[42] *Benner v. Bank of America*, N.A., 917 F. Supp. 2d 338, 361-62 (E.D. Pa. 2013) (citations omitted).
[43] *United States v. Buskell*, No. 13-CV-6630, 2014 WL 1765386, at *4 (E.D.Pa. May 2, 2014).
[44] 35 P.S. §§ 1680.401c(a)(12).

should be dismissed because the Act 91 Notice provided was "devoid of any effect."[45] This Act 91 Notice was without effect because the 2005 Mortgage was more than two years delinquent at the time, and Plaintiffs were thus unable to avail themselves of the emergency mortgage assistance provided by Act 91.[46] In the 2014 foreclosure action, Judge Oliver dismissed a second foreclosure based on *res judicata* and collateral estoppel.[47] Plaintiffs argue these prior determinations render the 2005 Mortgage unenforceable and hence are sufficient to state a plausible quiet title claim.[48]

Despite these prior judicial findings, Defendant argues that it can cure the prejudice inherent in this late Act 91 Notice by (1) partially or fully reinstating the 2005 Mortgage, (2) bringing it to a default date within the last two years, and (3) thus allowing Plaintiffs to seek emergency mortgage assistance under Act 91.[49] These changed circumstances would, in Defendant's view, make these prior foreclosure determinations inapplicable to a future action, and thus show that the 2005 Mortgage is not categorically unenforceable.[50] Those facts and supposition, however, are not contained within the Plaintiffs' Complaint, and therefore require the Court to make an

---

[45] *See* ECF No. 1-1, Exh. C, December 29, 2011 Order at 7.
[46] *Id.*
[47] *See* ECF No. 1-1, Exh. D, September 13, 2016 Order.
[48] ECF No. 8, at 5-9.
[49] ECF No. 8, at 6-7.
[50] *Id.* at 7.

inference in Defendant's favor. In derogation of the well-established motion to dismiss standard, I reject this invitation.[51] Therefore, given these prior findings of unenforceability based on the deficiency of the Act 91 notice and the lack of factual allegations demonstrating a change in circumstances,[52] I find that Plaintiffs have alleged a plausible quiet title claim on this ground. Defendant's Motion to Dismiss will therefore be denied.

### III. CONCLUSION

For the reasons stated above, the Motion to Dismiss filed by Defendant Bank of New York Mellon is denied, and Plaintiff Jerry and Michele Hall's quiet title claim survives.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[51] When disposing of a motion to dismiss, a court must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) (Nygaard, J.).

[52] *See Leventry v. Price*, 319 F.Supp.2d 562, 567 (W.D.Pa. 2004)("The Court acknowledges that '[c]hanged circumstances can operate to preclude the operation of collateral estoppel.' However, this exception to the general rule of collateral estoppel is 'limited to those instances in which there are materially changed circumstances that implicate controlling facts.' ")(quoting *Scooper Dooper, Inc. v. Kraftco Corp.* 494 F.2d 840, 846 (3d Cir.1974) & *Karibjanian v. Chromalloy Pharmaceutical, Inc.*, No. 90-CV-4641, 1991 WL 34715 (E.D.Pa. 2004)).